UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SEAN M. CHUNG,

                              Plaintiff,

              v.                                                        9:22-CV-1236
                                                                            (GTS/DJS)

TINA STANFORD, et al.,

                              Defendants.
_____

APPEARANCES:

SEAN M. CHUNG
16-A-1495
Plaintiff, pro se
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403


GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

I.      **INTRODUCTION**

       Plaintiff Sean M. Chung commenced this action pro se by filing a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). By Decision and Order entered on January 17, 2023, the Court granted plaintiff's IFP Application and, following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed plaintiff's claims without prejudice for failure to state a claim

upon which relief may be granted. Dkt. No. 7 ("January 2023 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. at 14-15.

Presently before the Court is plaintiff's amended complaint. Dkt. No. 11 ("Am. Compl.").

## II.     SUFFICIENCY OF THE AMENDED COMPLAINT

Because plaintiff is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the January 2023 Order and it will not be restated herein. *See* January 2023 Order at 2-4.

### A.     The Original Complaint and January 2023 Order

In his original complaint, plaintiff asserted claims against the New York State Board of Parole and Board of Parole Chairwoman Tina Stanford based on the denial of his parole in July, 2022, and his continued confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") thereafter. *See generally* Compl.

The complaint was construed to assert Eighth and Fourteenth Amendment claims based on plaintiff's denial of parole and continued incarceration, and Fourteenth Amendment claims based on Panel Members denying plaintiff the process to which he was entitled during his parole hearing. *See* January 2023 Order at 6.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 claims without prejudice for failure to state a claim upon which relief may be granted, based on a determination that (1) plaintiff's Section 1983 official capacity claims for money damages were barred by the Eleventh

Amendment, (2) plaintiff's Section 1983 claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny insofar as plaintiff sought immediate release from prison or other relief based on his continued incarceration following the denial of parole, and (3) the complaint failed to adequately allege that the procedures associated with plaintiff's parole review were constitutionally deficient. *See* January 2023 Order at 7-14.

  **B.** **Overview of the Amended Complaint**

Plaintiff's amended complaint is materially similar to his original complaint, except that the amended complaint names Elsie Segarra and Eric Berliner, the two Board of Parole Commissioners who denied him parole, as defendants in addition to the Board of Parole, and in place of Chairwoman Stanford, and provides additional allegations in support of the previously dismissed claims. *See generally*, Am. Compl. Plaintiff also submitted several exhibits with his amended complaint, including the Parole Board Release Decision Notice dated July 27, 2022, denying plaintiff parole. *See generally*, Am. Compl.; Dkt. No. 11-1.

While none of plaintiff's new allegations or exhibits are material to the Court's analysis below, the following relevant facts are set forth as alleged in the amended complaint or indicated in documents attached thereto.

On July 21, 2020, plaintiff appeared before Board of Parole Commissioners Smith and Crangle (not parties) for a parole release interview. *See* Dkt. No. 11-1 at 30-32. Following the interview, plaintiff was denied parole, and his next parole hearing was scheduled for two years later. *Id.* at 32-33.

On or about July 27, 2022, plaintiff attended his second parole release interview, which was conducted by Segarra and Berliner. *See* Am. Compl. at 4-5; Dkt. No. 11-1 at 24-28. Following the interview, plaintiff was denied parole. Dkt. No. 11-1 at 25.

The written "Release Decision Notice" states that plaintiff was denied parole based on a determination, following a review of the record and plaintiff's personal interview, that "there is a reasonable probability that [plaintiff] would not live and remain at liberty without again violating the law, and that [his] release would be incompatible with the welfare of society." Dkt. No. 11-1 at 25. The document also offers the following in further support of the Parole Board's determination.

Plaintiff was convicted of second degree criminal possession of a weapon and second degree conspiracy, admitted to the panel that he possessed a revolver and shot five rounds at another person,[1] made posts on Facebook "advertising taking revenge on a rival gang member in retaliation for the murder of a fellow gang member[,]" admitted during his interview that he conspired to kill someone, acknowledged that he was a gang member prior to his incarceration and has remained "heavily involved in gangs" during his incarceration, has a youthful offender adjudication before his current incarceration, and has an extensive prison disciplinary record, which includes discipline for "violent and aggressive behaviors towards others even after [his] last appearance before the [Parole] Board." Dkt. No. 11-1 at 25-26.

The document expressly references plaintiff's completion of vocational programming, enhanced education, employment as a library clerk, and participation in certain programs and receipt of certain certificates, commends plaintiff for these achievements, and notes that plaintiff's resume, letters of support, and certifications were also considered as part of the parole review. *Id.* at 26. In addition, the document states that plaintiff's "COMPAS risk and

---

[1] In plaintiff's interview two years earlier, he stated that he was innocent of the charges that formed the basis of his criminal conviction. *See* Dkt. No. 11-1 at 30.

needs assessment" was reviewed, and shows that he "presents . . . as a high risk of felony violence, low risk of arrest[,] and low risk to abscond[,]" and "scores [plaintiff's] prison misconduct" as demonstrating a continued "disregard [for] the safety and well-being of others[.]" *Id.* at 25-26.  The document explains that plaintiff's continued participation in the programs in which he is enrolled, as well as his participation in ART, "could . . . help [him] obtain [his] case plan goal to decrease [his] aggressive/assaultive behaviors that have negatively impacted [his] life and that of [his] victims." *Id.* at 26.  Finally, the document indicates that the panel "weighed and considered the statutory factors and determined that [plaintiff's] release at this time would be inappropriate." *Id.*

According to plaintiff, defendants Segarra and Berliner improperly based their decision primarily on his criminal offense, "which in reality was shown to be an illegal sentence pending direct appeal," and "failed to follow New York State's interpretation of Section 259-i(2)(c)(A)" or "consider . . . the sentencing judge[']s admission" that "no evidence of a crime was committed."  Am. Compl. at 5.

Liberally construed, the amended complaint asserts the following Section 1983 claims: (1) Eighth Amendment claims against Elsie Segarra, Eric Berliner, and the Board of Parole based on plaintiff's continued incarceration following his parole hearing in July, 2022; and (2) Fourteenth Amendment due process claims against Elsie Segarra, Eric Berliner, and the Board of Parole based on the parole review process and denial of parole.  Plaintiff seeks money damages and prospective injunctive relief.  Am. Compl. at 1, 10.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

5

**C.     Analysis**

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).

   **1.  *Heck v. Humphrey***

As noted in the January 2023 Order, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

512 U.S. at 486-87.

Although *Heck* held that the favorable-termination rule is triggered when a prisoner's success would "necessarily imply the invalidity of the *conviction*," 512 U.S. at 487 (emphasis added), the Supreme Court subsequently clarified that *Heck* applies to any challenge to the duration of "confinement" that necessarily implies the invalidity of that confinement, even if that challenge would not implicate the underlying conviction or sentence, *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred ... if success

6

in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis in original)); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (finding that a prisoner's claim for money damages alleging that he was deprived of good-time credits without due process necessarily implies the invalidity of the "punishment imposed," meaning the deprivation of the credits); *Baker v. New York State Dep't of Corr. & Cmty. Supervision*, No. 9:17-CV-1270 (GTS/TWD), 2018 WL 357297, at *4 (N.D.N.Y. Jan. 10, 2018) ("While the Complaint does not include any specific request for immediate release, in the motion for injunctive relief, Plaintiff seeks to overturn the Panel's decision and moves for immediate release. . . . To the extent that the Complaint could be construed as seeking release, Plaintiff's claims are dismissed without prejudice pursuant to *Heck*, on the ground that habeas corpus is his sole federal remedy."); *McAllister v. Alexandra*, No. 9:09-CV-0664 (GTS/DRH), 2009 WL 10675934, at *5 (N.D.N.Y. July 28, 2009) ("Any claim by Plaintiff that he is entitled to damages resulting from the denial of parole release is barred by the doctrine of *Heck v. Humphrey*[.]"); *Grant v. Ahern*, No. 03-CV-0539 (FJS/RFT), 2005 WL 1936175, at *5 n.3 (N.D.N.Y. Aug. 2, 2005) ("*Heck* has been held to apply to 'suits contesting the rejection of parole release.'" (quoting *Lampkin v. N.Y. City Dep't of Probation*, No. 00-CV-7165, 2001 WL 210362, at *2 (S.D.N.Y. Mar. 1, 2001)).

      Thus, to the extent plaintiff seeks monetary relief based on his continued incarceration after he was denied parole in July, 2022, or his immediate release from prison, his Section 1983 claims are barred by *Heck* and its progeny. Accordingly, and for the reasons stated in the January 2023 Order, these Section 1983 claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Remaining Fourteenth Amendment Claim

Insofar as plaintiff seeks only to challenge procedural inadequacies associated with his parole hearing in July, 2022, his due process claim is not barred by *Heck* and its progeny -- as also noted in the January 2023 Order -- because a determination that plaintiff was denied the process to which he was entitled at his parole hearing would not entitle him to immediate release but rather only a new hearing, where he could once again be denied parole. *See* January 2023 Order at 10 (citing *Wilkinson*, 544 U.S. at 82 (noting in the parole context that a prisoner may challenge the parole procedures used to deny eligibility and suitability because success on such claim will not affect the prisoner's sentence through mandated release and would only entitle him to another parole hearing)).

Having said that, as this Court explained in the January 2023 Order, "New York's parole scheme is not one that creates in any prisoner a legitimate expectancy of release[,]" and therefore "[a]n inmate's federally-protected liberty interest in parole release is limited to not being denied parole for arbitrary or impermissible reasons."  *See* January 2023 Order at 11 (citations in original).

"Denial of parole is neither arbitrary nor capricious when the Parole Board relies on the factors defined by New York statute."  *Romer v. Travis*, No. 03-CV-1670, 2003 WL 21744079, at *6 (S.D.N.Y. July 29, 2003) (citing *Davis v. Thomas*, 256 F. Supp. 2d 190, 191 (S.D.N.Y. 2003) ("[D]enial of parole may be justified on the basis of reasonable considerations defined by statute, including the inmate's criminal history and seriousness of the offense for which he is in custody.")).  That statute, Executive Law § 259-i, provides, in relevant part, as follows:

> Discretionary release on parole shall not be granted merely as a reward

>for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law. In making the parole release decision, the guidelines ... shall require that the following be considered: (i) the institutional record including program goals and accomplishments, academic achievements, vocational education, training or work assignments, therapy and interpersonal relationships with staff and inmates; (ii) performance, if any, as a participant in a temporary release program; (iii) release plans including community resources, employment, education and training and support services available to the inmate; (iv) [issues related to deportation]; and (v) any statement made to the board by the crime victim or the victim's representative ....

*Id*. § 259-i(2)(c)(A).  "While consideration of these guidelines is mandatory, the ultimate decision to parole a prisoner is discretionary."  *Graziano v. Pataki*, 689 F.3d 110, 113 (2d Cir. 2012) (per curiam) (quoting *Silmon v. Travis*, 95 N.Y.2d 470, 477 (2000)).

As with the original complaint, the amended complaint offers only conclusory allegations that plaintiff was denied parole release "arbitrarily" or "capriciously."  The pleading does not, for example, allege any facts which plausibly suggest that plaintiff was denied parole as a result of "an inappropriate consideration of a protected classification (such as race, religion, gender, economic status, etc.) or an 'irrational distinction.'"  *McAllister*, 2009 WL 10675934, at *5 n.12 (quoting *Standley v. Dennison*, No. 05-CV-1033, 2007 WL 2406909, at *1 (N.D.N.Y. Aug. 21, 2007)).  Nor does the pleading allege any facts which plausibly suggest that plaintiff was denied parole based on inaccurate information.  *See Hamilton v. New York City Mun*., No. 9:11-CV-0348 (DNH/DEP), 2012 WL 398819, at *9 (N.D.N.Y. Jan. 10, 2012) ("[D]ue process may be violated when a parole decision is based upon inaccurate information." (citation omitted)), *report and recommendation adopted by*

2012 WL 386631 (N.D.N.Y. Feb. 7, 2012). Furthermore, the amended complaint does not specifically identify any statutory factors that were not considered by Segarra and Berliner, and the "Release Decision Notice" attached to the pleading indicates that all of the statutory factors were considered. See Dkt. No. 11-1 at 27. In other words, the crux of plaintiff's amended complaint is simply that Segarra and Berliner improperly afforded too much weight to plaintiff's conviction and prison disciplinary record, and not enough weight to factors that would support granting him parole.

As noted in the January 2023 Order, it was entirely appropriate to consider plaintiff's youthful offender adjudication, prison disciplinary history, and the nature of his underlying conviction in evaluating his entitlement to parole. See January 2023 Order at 13 (citing *Robles v. Dennison*, 449 Fed. Appx. 51, 53 (2d Cir. 2011) ("New York Executive Law Section 259-i, [. . .], explicitly requires Parole Boards to consider the seriousness of the inmate's crime."); *Hodge v. Griffin*, No. 13-CV-1977, 2014 WL 2453333, at *13 (S.D.N.Y. June 2, 2014) ("The nature of the petitioner's crime bears on 'whether his release is compatible with the welfare of society . . . and it was not arbitrary or capricious for the Board to determine that the severity of his offense outweighed the collection of the positive factors in support of his early release."); *Blackett v. Thomas*, 293 F. Supp. 2d 317, 319-20 (S.D.N.Y. 2003) (rejecting petitioner's contention that the Parole Board violated his due process rights by considering his prior record, including as a juvenile, the underlying crimes and conviction, his institutional record, and future plans); *Brown v. Thomas*, No. 02-CV-9257, 2003 WL 941940, at *2 (S.D.N.Y. Mar.10, 2003) ("[W]here the record 'demonstrates that the Parole Board considered the relevant statutory factors, including petitioner's record in prison and postrelease plans, before concluding in its discretion that, due to the serious and violent

10

nature of the crime and petitioner's other violent conduct, petitioner is not an acceptable candidate for release on parole,' reliance on the nature of the inmate's crime to deny parole is entirely consistent with the criteria laid down by the legislature."); *Robles v. Williams*, No. 02-CV-6102, 2007 WL 2403154, at *4 (S.D.N.Y. Aug. 22, 2007) ("[T]he Parole Board may consider all of the circumstances surrounding the conviction - including conduct for which petitioner has not been convicted." (internal quotation marks omitted)).  The fact that plaintiff may disagree with the weight afforded to these factors does not render the review process and ultimate decision arbitrary or capricious.  *See Amaker v. Schiraldi*, No. 15-CV-4879, 2017 WL 4402443, at *9-10 (E.D.N.Y. Sept. 29, 2017) ("Pursuant to the New York Executive Law, the parole board found a 'reasonable probability' that Plaintiff would violate the law again if released, and that his release would be 'incompatible with the welfare of society.' . . . The board placed heavy emphasis on three statutory factors: 'the institutional record,' 'the seriousness of the offense,' and prior criminal history. . . . Placing substantial weight on such factors is neither arbitrarily nor impermissible."), *aff'd*, 812 Fed. App'x 21 (2d Cir. 2020); *Graziano v. Pataki*, 689 F.3d 110, 115 (2d Cir. 2012) ("[T]he Board ... is entitled to give whatever weight it deems appropriate to each of [the] statutory factors."); *Duffy v. Evans*, No. 11-CV-7605, 2012 WL 4327605, at *8 (S.D.N.Y. Sept. 19, 2012) ("New York Executive Law § 259-i lists a number of factors that the Board must consider in a parole determination. As the statute does not specify how much weight to be accorded to each factor, the 'Board has discretion to accord these considerations whatever weight it deems appropriate, and need not expressly discuss each of the reasons in its determination.'" (quoting *Manley v. Thomas*,

11

255 F. Supp. 2d 263, 267 (S.D.N.Y. 2003))).[2]

Furthermore, insofar as plaintiff alleges that Segarra and Berliner "failed to follow" his "Compass Score" in evaluating his entitlement to parole, the "Release Decision Notice" makes clear that plaintiff's Correctional Offender Management Profile and Sanctions Risk and Needs Assessment ("COMPAS") profile was considered. *See* Dkt. No. 11-1 at 26-27. In any event, COMPAS is "[a] research based clinical assessment instrument . . . used to assist staff in assessing an inmate's risks and needs by gathering quality and consistent information to support decisions about supervision, treatment, and other interventions." *See* https://doccs.ny.gov/system/files/documents/2020/11/8500.pdf (last visited Apr. 19, 2023). COMPAS is used to develop an inmate's Case Plan. *See id*. "The purpose of such plan [is] to promote the rehabilitation of the incarcerated individual and their successful and productive reentry and reintegration into society upon release." N.Y. Corr. Law § 71-A. The language in Section 71-A, "relates to the existence of programs and tools, and their respective goals." *Hodge v. Griffin*, No. 13-CV-1977, 2014 WL 2453333, at *2 (S.D.N.Y. June 2, 2014). The statute, "does not mandate the achievement of such goals with respect to each and every inmate, nor is there [a] provision in [. . .] the statute[ ] for a guarantee of release upon an individual inmate's successful completion of the educational programming."

---

[2] Insofar as plaintiff vaguely alleges that no evidence exists to support his criminal conviction, *see* Am. Compl. at 5, the amended complaint does not allege that plaintiff's conviction has been expunged, vacated, or reversed. Nor does the amended complaint allege that the statements in the "Release Decision Notice" prepared by Segarra and Berliner regarding plaintiff's admissions to criminal conduct are false, i.e., that he did not in fact admit to such criminal conduct. Thus, the Panel Board Members were unquestionably within their rights to consider plaintiff's crime of conviction, and the circumstances surrounding the conviction, in deciding plaintiff's entitlement to parole. *See, e.g., Hamilton v. New York City Mun*., No. 9:11-CV-0348 (DNH/DEP), 2012 WL 398819, at *8-10 (N.D.N.Y. Jan. 10, 2012) ("Since plaintiff has no constitutional expectation to release on parole, and the Parole Board is statutorily empowered to consider plaintiff's crime of conviction when making a decision regarding parole, no due process cause of action is stated in his complaint, despite his profession of innocence."), *report and recommendation adopted by* 2012 WL 386631 (N.D.N.Y. Feb. 7, 2012); *Robles*, 2007 WL 2403154, at *4.

*Id*.

Simply put, while plaintiff clearly disagrees with the outcome of his parole review, other than conclusory allegations, the amended complaint is devoid of any facts which plausibly suggest that plaintiff was arbitrarily or capriciously denied parole. Accordingly, and for the reasons set forth in the January 2023 Order, to the extent plaintiff's Fourteenth Amendment due process claim is not barred by *Heck* and its progeny, it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to terminate each of the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: April 25, 2023
Syracuse, NY

Glenn T. Suddaby
U.S. District Judge